IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**POWER MARKETING DIRECT, INC.,**

      Plaintiff,

                              CASE NO. 2:05-CV-766

                              JUDGE EDMUND A. SARGUS, JR.

      v.

                              Magistrate Judge Norah McCann King

**RICKY PAGNOZZI,**

      Defendant.

## REPORT AND RECOMMENDATION

      This is a diversity action brought by plaintiff Power Marketing Direct, Inc. ("plaintiff"), an Ohio corporation, against defendant Ricky Pagnozzi ("defendant"), a resident of the State of Texas. *Complaint*, at ¶ 2.  Plaintiff is engaged in the business of selling products through licensed distributers. *Id.*, at ¶ 1.  Defendant was a licensed distributor for plaintiff. *Id.*, at ¶ 2.  Plaintiff asserts several state law claims against defendant.  The matter is currently before the Court on *Plaintiff's Motion to Remand*.  Doc. No. 8.  For the reasons that follow, it is **RECOMMENDED** that *Plaintiff's Motion to Remand* be **DENIED**.

**I.**      **RELEVANT FACTS**

      Plaintiff is in the business of selling retail furniture and bedding products through dealers located in defined territories both inside and outside the United States. *Complaint*, at ¶ 1.  Plaintiff alleges that defendant became one of its dealers on February 11, 2004, when he signed a license agreement with defendant. *Id.* at ¶ 2.  The license agreement contained a covenant not to

compete and a choice of law and forum provision. *Id.*, at ¶¶ 2, 7. Plaintiff alleges that defendant subsequently acted in breach of this agreement in April 2005, when he engaged in a business that competes with plaintiff. *Id.*, at ¶13.

On July 6, 2005, plaintiff filed this action in the Court of Common Pleas of Franklin County, Ohio. *Id.*, *Exhibit A*, attached thereto. On August 12, 2005, defendant removed the action, pursuant to 28 U.S.C. §§ 1332 and 1441, to this Court. On September 12, 2005, plaintiff filed *Plaintiff's Motion to Remand*, in which it asks the Court to remand this action because the choice of law selection clause in the license agreement precludes removal. Doc. No. 8.

## II. STANDARD OF REVIEW

The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citations omitted).

The right to remove a case, however, can be waived through a forum selection clause. *Regis Assoc. v. Rank Hotels, Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit requires that a waiver of a defendant's right to remove an action to federal court be both clear and unequivocal. *In Re Delta America Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990) (any claimed waiver of the right of removal stemming from contractual language must be explicit); *Regis*, 894 F.2d at 195 (waiver of right to remove must be clear and unequivocal).

III.    ANALYSIS

In *Plaintiff's Motion to Remand*, plaintiff argues that, by agreeing to the forum selection clause in the license agreement, defendant clearly and unequivocally waived his right to remove this case to federal court. *Plaintiff's Motion to Remand*, at 3. The Court disagrees.

The selection clause at issue reads:

> **Choice of Law and Forum:** The Licensor and Licensee agree that the laws of the State of Ohio shall govern this Agreement. Further, the Licensee and the Licensor each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio, and the Licensee hereby agrees and consents to the jurisdiction of the Franklin County Court of Common Pleas as to any dispute involving the parties' business relationship, including personal jurisdiction over Licensee and subject matter jurisdiction over the dispute.

*Exhibit A*, at ¶ 26, attached to *Complaint*.

This very provision was at issue before this Court on a motion to remand by the same plaintiff in *Power Marketing Direct, Inc. v. Alan Ball*, Case No. 2:03-CV-1004, (April 6, 2004 S.D. Ohio 2004) (J. Graham). In that case, Judge Graham concluded that the forum selection "provision does not constitute a clear and unequivocal waiver of the right to remove." This Court finds Judge Graham's reasoning persuasive:

> [T]he language does not clearly and unequivocally waive [defendant's] right to remove this action to federal court. The clause requires that any case be "filed" in the Franklin County Court of Common Pleas, and this case was in fact filed in the Franklin County Common Pleas Court. There is no language in the clause which prohibits removal of the action from that court once it is filed. The clause does not specify that any dispute be litigated to its conclusion or resolved by that court.
>
> The clause also requires the licensee to agree to the jurisdiction of the Franklin County Common Pleas Court and to the application of Ohio law. However, an agreement not to contest subject matter or personal jurisdiction or an agreement that the law of a specified jurisdiction will apply is merely the affirmative conferral of personal jurisdiction by consent, not a negative exclusion of the jurisdiction of other courts sufficient to bar removal. *See Delta America*, 900

> F.2d at 892-94 (language agreeing to submission to jurisdiction of any court of competent jurisdiction within United States and application of the law and procedures of such court did not waive right to remove); *Regis*, 894 F.2d at 195-96 (agreement to submit to jurisdiction of Michigan courts and to have case determined under the laws of that state did not preclude removal).

*Id.*, at 3-4.

This Court adopts Judge Graham's reasoning as its basis for denying *Plaintiffs' Motion to Remand*. The contractual language upon which plaintiff relies simply does not constitute the clear and unequivocal waiver of the right to remove required by the United States Court of Appeals for the Sixth Circuit.

**WHEREUPON**, in light of the foregoing analysis, the Court **RECOMMENDS** that *Plaintiff's Motion to Remand*, Doc. No. 8, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

<u>December 7, 2005</u>                                    <u>  s/Norah McCann King        </u>
Date                                                                Norah M<sup>c</sup>Cann King
                                                                            United States Magistrate Judge