IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

POWER MARKETING DIRECT, INC.,

      Plaintiff,

      vs.                         Case No. C2-05-766
                                   Judge Edmund A. Sargus, Jr.
                                   Magistrate Judge Norah McCann King

RICKY PAGNOZZI,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Objections to the Magistrate Judge's Report and Recommendation ("R&R") denying Plaintiff's Motion for Remand. Because the Magistrate Judge committed no error, the Objections are **OVERRULED** and Court fully **ADOPTS** the Magistrate Judge's December 5, 2005 R&R.

### I.

Plaintiff, Power Marketing Direct, Inc. ("PMD" or "Plaintiff"), an Ohio corporation, brings this diversity action against Defendant, Ricky Pagnozzi, a resident of the State of Texas. Plaintiff is engaged in the business of selling retail furniture and bedding via licensed distributors located in the United States and outside of the country. Pagnozzi was one of its distributors.

Pagnozzi became a licenced distributor, or dealer, with PMD on February 11, 2004. Pagnozzi signed a license agreement that contained a covenant not to compete and a choice of law and forum selection provision. PMD alleges that Pagnozzi breached this license agreement in April, 2005 when he engaged in a business that competes with PMD.

PMD filed this action in the Court of Common Pleas of Franklin County, Ohio on July 6, 2005. Pagnozzi removed the case, pursuant to 28 U.S.C. §§ 1332 and 1441 on August 12, 2005. Plaintiff moved to remand, relying on the Choice of Law and Forum provision in the license agreement. By her R&R of December 7, 2005, the Magistrate Judge denied the Motion on the basis that the removal had been proper. This matter is now before the Court on Plaintiff's objections to the R&R.

## II.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003 WL 21011148, *4 (S.D. Ohio April 10, 2003)(unreported)(Sargus, J.)(quoting *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (internal citations omitted)). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## III.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citations omitted).

A defendant's prerogative to remove a case, however, may be waived through a valid forum selection clause. *Regis Assoc. v. Rank Hotels, Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit requires that a waiver of a defendant's right to remove an action to federal court be both clear and unequivocal. *In Re Delta America Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990) (any claimed waiver of the right of removal stemming from contractual language must be explicit); *Regis*, 894 F.2d at 195 (waiver of right to remove must be clear and unequivocal).

The forum selection clause at issue reads:

> Choice of Law and Forum: The Licensor and Licensee agree that the laws of the State of Ohio shall govern this Agreement. Further, the Licensee and the Licensor each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio, and the Licensee hereby agrees and consents to the jurisdiction of the Franklin County Court of Common Pleas as to any dispute involving the parties' business relationship, including personal jurisdiction over Licensee and subject matter jurisdiction over the dispute.

(Complaint, Exh. A., ¶ 26.) As noted by the Magistrate Judge, this precise language in another of PMD's contracts has been interpreted by this Court on a motion to remand:

> [T]he language does not clearly and unequivocally waive [defendant's] right to remove this action to federal court. The clause requires that any case be "filed" in the Franklin County Court of Common Pleas, and this case was in fact filed in the Franklin County Common Pleas Court. There is no language in the clause which prohibits removal of the action from that court once it is filed. The clause does not specify that any dispute be litigated to its conclusion or resolved by that court. The

clause also requires the licensee to agree to the jurisdiction of the Franklin County Common Pleas Court and to the application of Ohio law. However, an agreement not to contest subject matter or personal jurisdiction or an agreement that the law of a specified jurisdiction will apply is merely the affirmative conferral of personal jurisdiction by consent, not a negative exclusion of the jurisdiction of other courts sufficient to bar removal. *See Delta America*, 900 F.2d at 892-94 (language agreeing to submission to jurisdiction of any court of competent jurisdiction within United States and application of the law and procedures of such court did not waive right to remove); *Regis*, 894 F.2d at 195-96 (agreement to submit to jurisdiction of Michigan courts and to have case determined under the laws of that state did not preclude removal). *Id.*, at 3-4.

*Power Marketing Direct, Inc. v. Alan Ball*, Case No. 2:03-CV-1004, (April 6, 2004 S.D. Ohio 2004) (Graham, J.)

The Magistrate Judge adopted the reasoning of Judge Graham's opinion as a bases for denying Plaintiffs' Motion to Remand. The Court agrees. The choice of law and forum selection provisions at issue in this case and in the *Ball* case are not merely similar: the provisions are identical.

Contrary to Plaintiff's assertions in its Objections, the Magistrate Judge did not rely exclusively on the *Ball* case and instead properly considered binding authority from the Sixth Circuit, including *Regis* and *Delta America*. According to this authority, a contractual waiver of a party's right to a federal forum must be clear and unequivocal. None of the cases presented by Plaintiff in its Motion provides any basis to limit or reject this clear line of authority.

The Magistrate Judge correctly observed that the contractual language upon which PMD relies simply does not constitute the clear and unequivocal waiver of the right to remove, as required by the United States Court of Appeals for the Sixth Circuit. The provision at issue does not provide for exclusive jurisdiction in the Franklin County Court of Common Pleas. Although the clause compels that an action be *filed* in the state court, it does not preclude removal. The ordinary meaning

-4-

of the term "filed" requires that the action be commenced, but cannot be interpreted as a waiver of a right to remove the state case to federal court. *In re Delta*, 900 F.2d at 893 ("cardinal principle of contract interpretation is that the language being interpreted should be given its ordinary meaning.")

The Court concludes that the Choice of Law and Forum provision at issue in the license agreement does not provide for exclusive jurisdiction in the Franklin County Court of Common Pleas. Nor does the provision prohibit removal. The Choice of Law and Forum clause does not constitute a clear and unequivocal waiver of the right to remove.

## IV.

The Court has considered the arguments made by counsel, the cases cited by Plaintiffs, and the opinions and analysis of the Magistrate Judge in her thorough Report and Recommendation. The Court finds no evidence to demonstrate that a mistake has been committed and, consequently, Magistrate Judge King's decision is neither clearly erroneous nor contrary to law. Rule 72(a); 28 U.S.C. § 636(b)(1)(A). For the foregoing reasons, Plaintiffs' Objections to the Magistrate's Report and Recommendations (Doc. #22) are **OVERRULED.** The Magistrate Judge's December 7, 2005 Report and Recommendation is **AFFIRMED** in all respects. Plaintiffs' Motion for Remand (Doc. #8) is **DENIED**.

**IT IS SO ORDERED.**

5-12-2006
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

-5-